## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**ROBERT LUSBY,**

     **Plaintiff,**

**v.**                                **Case No.:**

**TRI-AM RV CENTER, INC.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Robert Lusby, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, Tri-Am RV Center, Inc., and states:

## NATURE OF THE CLAIMS

1.     This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in the Middle District of Florida, because Defendant operates its facilities for business in this district.

## THE PARTIES

4.     At all times material hereto, Plaintiff was a resident of the State of Florida.

5.     At all times material hereto Defendant transacted business and performed services in Duval County which is in this Judicial District.

## **GENERAL ALLECTIONS**

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

7.     At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADA.

8.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

9.     Plaintiff has satisfied all conditions precedent, or they have been waived.

10.     Plaintiff requests a jury trial for all issues so triable.

## **STATEMENT OF FACTS**

11.      Plaintiff began working for Defendant on or around January 1992 as salesperson. After a period of time, Plaintiff worked elsewhere and then returned to working for Defendant in January 2021.

12.     While employed with Defendant, Plaintiff satisfactorily performed the job requirements of his position.

13.     Defendant has a progressive discipline policy.

14.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Specifically, Plaintiff had back surgery on or about March 22, 2021 that left him out of work for three weeks and with ongoing physical limitations.

15.     Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

16.     At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

17.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

18.     Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA.

19.     Upon his return to work following his surgery, Plaintiff requested a reasonable accommodation to no work full time and light duty.

20.     At first, Defendant's General Manager permitted plaintiff to work only three to five hours per day.

21.     However, Defendant's Service Manager did not want to accommodate Plaintiff.

22.     On or about May 8, 2021, Plaintiff was unable to continue working due to his disability and was, therefore, unable to accept a customer.

23.     However, the Service Manager wanted Plaintiff to continue working in contradiction of his accommodation and take the customer.

24.     Other salespeople that do not have disabilities are permitted by Defendant to refuse or decline a customer. In fact, there are three salespeople in the same position as Plaintiff that are permitted by Defendant to refuse or decline a customer.

25.     In fact, if a salesperson is unable to take a customer, the customer is passed to the next salesperson.

26.     Plaintiff did not have any discipline in his record prior to being unable to assist the customer that day.

27.     However, the following Monday, without following any of its progressive discipline, Defendant terminated Plaintiff because of his inability to take a customer.

28.     Plaintiff was terminated on or about May 10, 2021, because of Plaintiff's disability, or perceived disability, and/or in retaliation for his request for a reasonable accommodation.

## COUNT I –ADA VIOLATION
## (DISABILITY DISCRIMINATION)

29.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30.     Plaintiff is a member of a protected class under the ADA.

31.     Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

32.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

33.     Defendant's actions were willful and done with malice.

34.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter an injunction restraining continued violation of the ADA;

    d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

### COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

35. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

36. Plaintiff is disabled, or was perceived by Defendant as being disabled.

37. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of    law enumerated herein;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained;

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## <u>COUNT III – ADA RETALIATION</u>

40.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

41.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

42.    Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

43.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

44.   Defendant's actions were willful and done with malice.

45.   The adverse employment action that Defendant took against Plaintiff was material.

46.   Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)   That this Court enter an injunction restraining continued violation of the ADA;

e)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

47.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

48.   Plaintiff is a member of a protected class under the FCRA.

49.   Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

50.   Defendant's actions were willful and done with malice.

51.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## <u>COUNT V—FCRA VIOLATION</u>
## (DENIAL OF REASONABLE ACCOMMODATION)

52.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

53.     Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

54.     Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

55.     Defendant's actions were willful and done with malice.

56.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issues and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of  the law enumerated herein;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained;

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## <u>COUNT VI – FCRA RETALIATION</u>

57.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

58.    Plaintiff is a member of a protected class under the FCRA.

59.    Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

60.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

61.    Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

62.    Defendant's actions were willful and done with malice.

63.    Defendant took material adverse action against Plaintiff.

64.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d)    Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f)      Front pay;

g)      Any other compensatory damages, including emotional distress, allowable at law;

h)      Punitive damages;

i)      Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

DATED this 11th day of May, 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431

Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**